# Richmond

## DOROTHY NIPPERT v. CITY OF RICHMOND.

March 5, 1945.

Record No. 2901.

Present, Campbell, C. J., and Holt, Hudgins, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Cornelius H. Doherty,* for the plaintiff in error.

*Horace H. Edwards* and *Henry R. Miller, Jr.,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

The litigants agree that in the case at bar the principal question is whether the ordinance of the city of Richmond, under which the defendant, Dorothy Nippert, was convicted, is violative of the Federal Constitution. That ordinance reads:

"*Chapter 10, Section 23.*—Agents — Solicitors — Persons, Firms or Corporations engaged in business as solicitors * * * $50.00 and one-half of one per centum of the gross earnings, receipts, fees or commissions for the preceding license year in excess of $1,000.00. Permit of Director of Public Safety required before license will be issued. (December 15, 1933)"

The defendant was arraigned in the Hustings Court of the city of Richmond upon a warrant emanating from the police justice's court, which charged "that on the 20th day of January, 1944, at said city of Richmond Dorothy Nippert did unlawfully engage in Richmond in a business of a solicitor without having procured a city license assessable under section 23 of chapter 10 of the Richmond City Code of 1937."

Defendant, upon her arraignment, pleaded not guilty, and with her consent and the concurrence of the city attorney, the court proceeded to hear and determine the case without a jury. At the conclusion of the evidence, the court found the defendant guilty as charged in the warrant and assessed her fine at five dollars.

The facts certified by the trial judge are as follows:

"The American Garment Company, which is owned and operated by John V. Rosser, with its main office at 3617 12th Street, N. E., Washington, D. C., is engaged in the manufacture and sale of certain ladies' garments. The American Garment Company employs solicitors who travel from city to city throughout the country and obtain orders for this particular garment, which is sold for $2.98, and the solicitor receives from the purchaser a down payment usually sufficient to pay the commission of the solicitor, and the order is then sent to the home office of the American Garment Company and the garment is then sent through the

United States mails C. O. D. for the balance to the purchaser. The solicitors at no time make a delivery of the article.

"The defendant herein was not and is not carried on the rolls of the American Garment Company as an employee and her sole compensation is the commission received from the sale of each article.

"The defendant, Dorothy Nippert, on January 20, 1944, was soliciting orders for the American Garment Company, as above set forth, in the City of Richmond, and that Dorothy Nippert had been engaged for four days prior to January 20, 1944, in going from place to place in the City of Richmond and in soliciting orders for the sale of merchandise on behalf of the American Garment Company and had, during that time, been engaged in going from place to place within the places of business of Miller & Rhoads, Incorporated, a large department store in the City of Richmond and within the place of business of one of the Five and Ten Cent Stores in the City of Richmond, and therein soliciting the Clerks in those stores so as to procure from those Clerks orders for the sale of merchandise on behalf of the American Garment Company, and that such solicitation occurred on the 20th of January, 1944, and that she, the said Dorothy Nippert, had not *therefore* procured a City revenue license from the City of Richmond."

The dominant assignment of error is:

"The Court erred in refusing to hold that the ordinance, in so far as it referred to petitioner, was in conflict with the commerce clause of the Federal Constitution."

Article 1, section 8, clause 3, of the United States Constitution reads:

"The Congress shall have power * * * To regulate commerce with foreign nations, and among the several States, and with the Indian Tribes."

Counsel for defendant rely upon *Robbins* v. *Shelby County Taxing Dist.*, 120 U. S. 489, 7 S. Ct. 592, 30 L. Ed. 694, to sustain the contention that the ordinance is violative of the commerce clause, *supra*. That case involved a tax

upon a "drummer" or "traveling salesman" which is clearly distinguishable from the case at bar wherein the *gravamen* of defendant's offense was her "doing business" in the city of Richmond without first having procured the required license. It is not controverted that the defendant worked four days selling merchandise to the clerks of two large retail stores in the city of Richmond.

■ That the distinction between "mere solicitation" and "doing business" is more ethereal than real is, we think, exemplified in the expression of Mr. Justice Rutledge in his dissent in *McLeod v. Dilworth Co.*, 322 U. S. 349, 64 S. Ct. 1030, 1033: "The old notion that 'mere solicitation' is not 'doing business' when it is regular, continuous, and persistent, is fast losing its force."

It is beyond dispute that both the initial and the ultimate burden of the tax imposed in the case at bar is the same and rests upon the defendant—the solicitor—who is an independent agent within the taxing jurisdiction, and upon her independent acts of soliciting which transpired in the city, and does not in the least rest upon the garment company which is outside of the State.

Since the decision of the Supreme Court in *McGoldrick v. Berwind-White Coal Min. Co.*, 309 U. S. 33, 60 S. Ct. 388, 84 L. Ed. 565, 128 A. L. R. 876, the former views as to the freedom of interstate commerce from local taxation have been greatly modified.

Following the doctrine announced in that case, this court, in *Dunston v. Norfolk*, 177 Va. 689, 15 S. E. (2d) 86, held that the States have a right to require interstate commerce to bear its fair share of the cost of local government, notwithstanding the fact that the exercise of such right may, in some measure, affect the commerce or increase the cost of business.

Mr. Justice Spratley, in his analysis of the Berwind-White decision, clearly draws the distinction between that case and *Robbins v. Shelby County Taxing Dist., supra.* In this opinion this is said:

"The defendant relies on the often cited case of *Robbins v. Shelby County Taxing Dist.*, 120 U. S. 489, 7 S. Ct. 592, 30 L. Ed. 694, decided in 1887, and the decisions in line with it. There it was held that the State taxation upon interstate commerce or upon the privilege of engaging in it was a burden, and consequently violative of the purpose of the commerce clause. A vigorous dissent by Mr. Chief Justice Waite, joined in by Mr. Justice Field and Mr. Justice Gray, asserted the principle that the validity of a state tax depended upon the question whether it was discriminatory against citizens of one State in favor of those of another.

"In recent years, there has been a gradual relaxation and modification of the strict and narrow interpretation applied in the above case as to the purpose of the commerce clause. The decisions in many of the later cases are predicated upon the presence or absence of discrimination.

"Finally, the Supreme Court of the United States has declined to deny to the States the right to levy a tax upon interstate commerce merely because it is such commerce. The latest cases recognize and admit the right of the States to require such commerce to bear its fair share of the cost of local government, notwithstanding the fact that the exercise of such right may, in some measure, affect the commerce or increase the cost of doing business. They declare that the purpose of the commerce clause is to allow interstate commerce to compete on a fair and equal basis with local commerce.

"Under the principles at present applied, the test of the validity of a State taxing law is whether it may, in its practical operation, be made an instrument for impeding or destroying interstate commerce or placing it at a disadvantage in competition with intrastate business."

In our opinion, the decision of the case at bar must rest upon the decision in the *Dunston Case, supra*, and therefore, the judgment of the trial court is affirmed.

*Affirmed.*